| 101 319 |
| s 111 220 |

## CHARLES E. BURGESS v. JOHN ISHERWOOD.

*Conversion—Sale by landlord—Right of entry to remove property.*

1. The fact that one's property is upon the land of another does not deprive him of the right to its delivery at a seasonable time and place, or an opportunity to enter and take the same; and captious refusal to deliver, especially if followed by appropriation or wanton destruction of the property, would amount to a conversion.

     So held where the owner of a farm, after leasing it, sold two stacks of straw on the farm, and, after the purchaser had taken away a portion of the straw, the tenant unconditionally refused to allow him to remove the remainder, and later burned and destroyed what was left in one of the stacks, and the purchaser sued him in trover for its value.

2. Whether the purchaser attempted to remove the straw at unsuitable times, and therefore was lawfully prevented, or whether the defendant unlawfully converted the straw to his own use, should have been submitted to the jury.

Error to Kalamazoo. (Buck, J.) Submitted on briefs June 8, 1894. Decided June 26, 1894.

Trover. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Hawes & Luby,* for appellant.

*E. M. Irish,* for defendant.

HOOKER, J. Mrs. Hall, being the owner of a farm, upon which there were two stacks of straw belonging to her, made a written contract with the defendant, whereby she " covenanted and agreed to lease " to him the premises, for five years from and after April 1, 1892. Subsequently, she sold to the plaintiff the two stacks of straw, to be drawn as he needed it, and at a suitable time. He drew off several loads, and was then prevented from drawing

the remainder by the defendant. He therefore brought this action in trover.

According to defendant's theory, he had a right, under the writing, to deny plaintiff the right to enter upon the place, and his reason for doing so was that such entry would injure his crop. Plaintiff testified that defendant unconditionally refused to let him have the straw, and that later he burned and destroyed what was left in one of the stacks, and claims that this amounted to an unlawful conversion of the straw. No evidence was offered upon behalf of the defendant. The judge, in a brief charge, instructed the jury that defendant was in the lawful possession of the premises, and had the right to deny plaintiff the privilege of entering to remove the straw, and that the testimony did not show a conversion. He accordingly directed a verdict for the defendant.

If it be conceded that the writing gave to the defendant the right to the possession of the land, it conferred no right to the two stacks of straw. These were the property of Mrs. Hall, and she had the lawful right to sell them. It may be that defendant was under no obligation to suffer their removal at the time plaintiff attempted it, if he had a right to the exclusive possession of the land; but he certainly had no right to convert them to his own use, by using or destroying them. The testimony indicates that he intentionally burned a portion of the straw. Moreover, it seems undisputed that Mrs. Hall contracted these premises, but reserved property upon them. She was evidently to keep stock upon them, for which she reserved pasture and hay. She owned the straw in these stacks, which a reasonable construction of the contract would give her a right to remove. This she need not do personally, but might authorize others to do it for her, so long as the defendant was not injured thereby. This she did by selling the straw, with the privilege of removing at

a suitable time. Whether the plaintiff attempted to remove the straw at unsuitable times, and therefore was lawfully prevented, and whether the defendant unlawfully converted the straw to his own use, were questions for the jury. If the defendant merely prohibited the plaintiff from taking his own, under circumstances that justified such prohibition, he could not be said to have converted the property. If, however, it was done with a view to depriving plaintiff of his straw, or if defendant purposely destroyed the property, or some of it, these things were evidence from which the jury might have found an unlawful conversion. The fact that one's property is upon the land of another does not deprive the owner of the right to the delivery of such property, at a seasonable time and place, or an opportunity to go and take the same. Captious refusal to deliver, especially if followed by appropriation or wanton destruction, would amount to a conversion. The court was in error in taking the question from the jury.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.